As the Government's claim that the articles at bar are dutiable by similitude to manufactures of ivory was not the action of the collector, there exists no presumption of correctness in this respect and the defendant had the burden of establishing the facts to support this claim. The evidence introduced on behalf of the defendant falls far short of supporting its claim. Similitude for tariff purposes must be a substantial one, either in material, quality, texture, or use. (*Ringk* v. *United States*, 13 Ct. Cust. Appls. 126, T. D. 40960, and cases cited therein.) The testimony of the defendant's sole witness fails to establish that the imported figures are substantially similar to ivory in any of the pertinent elements. The witness admitted that exhibit 1 does not resemble ivory in quality. His testimony that ivory is used to make articles like exhibit 1 and that many plastics are used for the same purpose for which ivory is used is insufficient to support a finding that the imported articles are similar to ivory with respect to use. "Classification by similitude of use is not satisfied by a mere showing of general usage of two comparable products." *Roovers Bros., Inc.* v. *United States*, 23 Cust. Ct. 53, C. D. 1190. With respect to similarity of texture, the testimony of the defendant's witness indicates that any similarity in this regard between plaintiff's exhibit 1 and ivory is a similarity that is not uncommon to any hard plastic. Such a showing is not sufficient to establish similarity between the two kinds of merchandise as to material, quality, texture, or the use to which they may be applied. *Rolls Razor, Inc.* v. *United States*, 6 Cust. Ct. 271, C. D. 480.

This record establishes that the merchandise at bar is composed wholly of synthetic phenolic resin and that this resin does not act as a binding agent. In the incorporated cases, this court has held that various articles composed wholly of synthetic phenolic resin, and in which the resin did not serve as a binding agent, were not dutiable either directly or by similitude to galalith under paragraph 33 of the Tariff Act of 1930 but were properly dutiable under paragraph 1558 of the act as nonenumerated manufactured articles.

On this record we are of opinion that the defendant has failed to establish its claim that these articles are dutiable under paragraph 1538 of the act by similitude to ivory. We find the articles at bar to be properly dutiable at 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930, as nonenumerated manufactured articles, as claimed. The protest is sustained and judgment will issue accordingly.

**No. 54652.**—Wing Wo Lung Co. *v.* United States, protest 93976–K (New York).

Opinion by OLIVER, C. J. At the trial the defendant contended that the merchandise is dutiable at 35 percent under paragraph 1538 by similitude to manufactures of ivory. A Government chemist's report received in evidence (exhibit 2) states that the sample of the merchandise (exhibit 1) is composed wholly of synthetic phenolic resin with a little pigment but that the resin does not serve as a binding agent. In this connection, the records in Abstracts 45795, 49907, 51306, and 51959 were incorporated herein. The testimony of the examiner in the case of *Wenchow Importing Co.* v. *United States*, Abstract 54651, decided concurrently herewith, was admitted in evidence herein. Said testimony failed to establish that the imported articles were similar to ivory in material, texture, quality, and use, as claimed, and failed to support classification by similitude. *Roovers Bros., Inc.* v. *United States* (23 Cust. Ct. 53, C. D. 1190) cited. On the record presented and following the cited authorities, it was held that the defendant

271

failed to establish its claim that these articles are dutiable under paragraph 1538. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 54653.**—The Wing On Co. *v.* United States, protest 96004–K (New York).

Opinion by OLIVER, C. J.   At the trial the defendant contended that the merchandise is dutiable at 35 percent under paragraph 1538 by similitude to manufactures of ivory.   A Government chemist's report received in evidence (exhibit 2) states that the sample of the merchandise (exhibit 1) is composed wholly of synthetic phenolic resin with a little pigment but that the resin does not serve as a binding agent.   In this connection, the records in Abstracts 45795, 49907, 51306, and 51959 were incorporated herein.   The testimony of the examiner in the case of *Wenchow Importing Co.* v. *United States*, Abstract 54651, decided concurrently herewith, was admitted in evidence herein.   Said testimony failed to establish that the imported articles were similar to ivory in material, texture, quality, and use, as claimed, and failed to support classification by similitude. *Roovers Bros., Inc.* v. *United States* (23 Cust. Ct. 53, C. D. 1190) cited.   On the record presented and following the cited authorities, it was held that the defendant failed to establish its claim that these articles are dutiable under paragraph 1538. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 54654.**—Chinese Arts & Crafts, Inc. *v.* United States, protest 988218–G (New York).

Opinion by OLIVER, C. J.   At the trial it was stipulated that the involved merchandise was made wholly of synthetic resin and the records in Abstracts 45795, 49907, 49908, 50188, and 50189 were incorporated herein.   On the record presented and following the cited authorities, the claim at 20 percent under paragraph 1558 was sustained.

**No. 54655.**—Paramount Bead Corp. *v.* United States, protest 8891–K (New York).

Opinion by OLIVER, C. J.   At the trial the assistant chief chemist in the United States Customs Laboratory at the port of New York testified that an analysis of a sample of the merchandise involved showed it to be an article composed wholly of polymerized styrolene resin which, he stated, was a synthetic resin.   The records in Abstracts 45795, 49907, 50189, and 51959 were incorporated herein. On the record presented and following the cited authorities, the claim·at 20 percent under paragraph 1558 was sustained.

**No. 54656.**—The Wing On Co. *v.* United States, protests 151478–K (A) and 151478–K (B) (San Francisco).